James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:    619/758-1891
Fax:   619/296-2013
jschultz@sessions.legal
dkirkpatrick@sessions.legal

Attorneys for Plaintiff Viva Naturals, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVA NATURALS, INC., | Case No. 2:20-03107-RGK-AFM |
| Plaintiff | FIRST AMENDED COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| LIEF ORGANICS, LLC, | |
| Defendant | |

Viva Naturals, Inc. ("Plaintiff") hereby alleges for its First Amended Complaint against Lief Organics, LLC ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of Ontario, Canada with a principal place of business at 100 Sheppard Avenue East, Suite 700 in North York, Ontario. The Plaintiff is a citizen of Canada.

1

2. Defendant is a company organized and existing under the laws of the State of California with a principal place of business at 29013 Avenue Penn in Valencia, California.

3. Based on reasonable attempts to determine the identities of the members of the Defendant, the Plaintiff, on information and belief, alleges that the sole member of the Defendant is Adel Villalobos. This good faith belief is based, *inter alia*, on the fact that the Defendant was purportedly formed in 2008 by Adel Villalobos individually, and Villalobos is publicly listed as the sole "owner" of Defendant.

4. Based on reasonable attempts to determine the citizenship of Adel Villalobos, the Plaintiff, on information and belief, alleges that Adel Villalobos is a citizen of California. This good faith belief is based, *inter alia*, on the fact that Villalobos is publicly listed as being resident in the "Greater Los Angeles Area".

5. If there are additional members of Defendant, Plaintiff will seek leave of the Court to insert additional members as necessary.

## JURISDICTION AND VENUE

6. Defendant is a citizen of California.

7. Plaintiff is a citizen of Canada, and therefore a foreign party under 28 U.S.C. § 1332(c)(1).

8. The amount in controversy with respect to this action exceeds $75,000.

9. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district, as well as pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

11. The Court has personal jurisdiction over the Defendant. By way of example, the Defendant is located in this judicial district of California. By way of further example, the Defendant, directly or through intermediaries, manufactures, ships, distributes, advertises, markets, offers for sale, and/or sells products from and to this judicial district of California.

## BACKGROUND FACTS

12. Plaintiff is engaged in the business of, *inter alia*, developing and selling dietary supplement products.

13. Defendant is engaged in the business of, *inter alia*, manufacturing dietary supplement products.

14. The business relationship between the Plaintiff and the Defendant began in 2017. In general, the Plaintiff provided the Defendant with raw ingredients and packaging to manufacture collagen-containing products for Plaintiff according to Plaintiff's specifications, and Defendant would manufacture such products for the Plaintiff in exchange for a fee.

15. In October 2019, Defendant notified Plaintiff of its desire to terminate the relationship. Plaintiff agreed to the termination of the relationship.

16. As part of the termination process, the parties began discussions for winding up the relationship, particularly with respect to issues regarding Plaintiff's remaining inventory at Defendant's facilities and closure of the financial dealings between the parties.

17. As part of such discussions, Plaintiff discovered that Defendant had seriously mismanaged the manufacturing of its products and inventory processing of Plaintiff's materials and packaging.

18. For example, Defendant had purported to produce the product known as "Multi-Source Collagen Powder Plus-Unflavored" (the "Product" or "Products") for Plaintiff. Specifications for the manufacturing of the Product,

communicated to and acknowledged by Defendant, required the specific use of granulated chicken collagen. However, Plaintiff discovered that Defendant had actually used, at least in part, powdered chicken collagen in the production of the Product rather than the granulated form, even though Defendant had been aware there were different types of chicken collagen, yet Defendant had mixed them together.

19. An analysis of the Plaintiff's supply of raw materials as compared to the volume of the Defendant's prior production of products for the Plaintiff underscore that the Product was manufactured improperly. This manufacturing defect was also confirmed through testing of the Product by the Plaintiff.

20. The Products were manufactured in violation of Current Good Manufacturing Practices requirements under 21 C.F.R. § 111.70, which requires manufacturers such as the Defendant to comply with ingredient identity specifications. Therefore, the Products were adulterated pursuant to 21 U.S.C. § 342(g)(1), because dietary supplements prepared under conditions that do not meet Current Good Manufacturing Practices requirements are considered "adulterated" by the FDA.

21. As a result of the Defendant's defective manufacturing processes, the Products were contaminated, adulterated, and unsaleable, and any finished, unfinished or related inventory needed to be destroyed.

22. By way of further example, the Defendant mismanaged the inventory supplied by the Plaintiff by failing to account for a substantial variance between the amount of inventory supplied by the Plaintiff and the amount of inventory apparently held in the Defendant's facilities.

23. By way of further example, the termination of the relationship, the Defendant failed to return to the Plaintiff all of the Plaintiff's inventory and

materials which had been shipped and stored by the Defendant, despite numerous requests by the Plaintiff.

24. As a result of the contamination, mismanagement, and other acts or omissions by the Defendant, the Plaintiff has suffered damages, including, but not limited to:

　　a. Loss of profits from adulterated Products that are unsaleable;

　　b. Costs of inventory and materials associated with the Product;

　　c. Loss of profits from contaminated unfinished Products;

　　d. Costs of marketing and packaging materials associated with the Product;

　　e. Costs of inventory and materials not returned to the Plaintiff, and losses, such as loss of profits, associated with the failure to return the inventory and materials; and

　　f. Loss of unaccounted and/or missing inventory.

25. As of the date of filing this Complaint, even though the Plaintiff has attempted to mitigate its ongoing damages, the Defendant has failed to substantively and adequately address these issues.

## COUNT ONE (Breach of Contract)

25. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

26. Plaintiff and Defendant had an agreement wherein the Defendant would produce products for the Plaintiff, which would include managing the Plaintiff's inventory, in exchange for a fee.

27. Plaintiff fully performed all of its contractual duties with respect to its agreement with the Defendant.

5

28. Defendant breached the agreement with the Plaintiff by failing to produce products properly, by mismanaging the Plaintiff's inventory, and by failing to return Plaintiff's inventory and materials.

29. Defendant's breaches have cause substantial damages to the Plaintiff.

30. Defendant is therefore liable for breach of contract to the Plaintiff and all resulting damages.

## COUNT TWO (Breach of Warranty)

31. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

32. Defendant, either expressly or implicitly, warranted to the Plaintiff that the Product would be of merchantable quality.

33. Defendant breached the warranty as the Product was not of merchantable quality and was unsaleable.

34. Defendant's breach cause substantial damage to the Plaintiff.

35. Defendant is therefore liable for breach of warranty to Plaintiff and all resulting damages.

## COUNT THREE (Negligence)

36. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this First Amended Complaint as if fully set forth herein.

37. The relationship of the Plaintiff and Defendant was such that a duty of care was owed by the Defendant to the Plaintiff.

38. Defendant was negligent by:

   a) Failing to properly store, maintain, and account for Plaintiff's inventory;

   b) Failing to design and/or manufacture the Products to the required specifications;

    c) Failing to properly warn the Plaintiff of the design and/or manufacturing defects;

    d) Failing to properly warn the Plaintiff of the contamination of the inventory and the incorporation of such contamination into the Product;

    e) Representing that the Product was of merchantable quality;

    f) Representing to the Plaintiff that the Product conformed with the contract, meeting the specifications supplied by the Plaintiff and agreed-to by Defendant;

    g) Failing to return the Plaintiff's inventory and materials; and

    h) Supplying the Products when Defendant knew or ought to have known that they were defective.

39. Defendant's actions as set forth herein constitute a breach of the standard of care owed to the Plaintiff.

40. Plaintiff was reasonably and foreseeably harmed by Defendant's negligence, resulting in damages.

41. Defendant is therefore liable for damages caused by their negligence.

## DEMAND FOR JURY TRIAL

42. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1. That Defendant has breached their contractual agreement with Plaintiff;

2. That Defendant has breached its express or implied warranties of merchantability;

3. That Defendant has been negligent in its conduct and has breached the standard of care owed to Plaintiff;

4. For an award to Plaintiff for damages of at least $1,000,000;

5. For an award to Plaintiff for attorneys' fees and costs, as allowed by law and/or equity;

6. For pre and post-judgment interest at the maximum allowable rate on any amounts awarded; and

7. Any and all further relief as the Court deems necessary, just and proper.

Respectfully submitted,

Dated: June 15, 2020                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/James K. Schultz*
James K. Schultz
Debbie P. Kirkpatrick
Attorney for Plaintiff Viva Naturals, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Respectfully submitted,

Dated: June 15, 2020                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/James K. Schultz*
James K. Schultz
Debbie P. Kirkpatrick
Attorney for Plaintiff Viva Naturals, Inc.