WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com

Attorneys for Defendant and Counter-Claimant
LIEF ORGANICS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| Viva Naturals, Inc., | Case No. 2:20-cv-03107-RGK-AFM |
|---|---|
| Plaintiffs, | **ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |
| v. | First Amended Complaint Filed: June 17, 2020 |
| Lief Organics, L.L.C., | District Judge: Hon. R. Gary Klausner |
| Defendants. | Courtroom: 850, 8th Floor |
| | Magistrate Judge: Hon. Alexander F. MacKinnon |
| | Courtroom: #780, 7th Floor |
| | Trial Date: Not Set |
| And Related Counterclaims | |

Defendant and Counter-Claimant Lief Organics, LLC ("Lief") hereby answers the First Amended Complaint of Plaintiff Viva Naturals, Inc. ("Viva") in similarly numbered paragraphs as follows.

///

///

///

-1-   Case No. 2:20-cv-03107-RGK-AFM

# THE PARTIES

1. Lief admits that Viva purports to be a corporation organized and existing under the laws of Ontario, Canada with a principal place of business at 100 Sheppard Avenue East, Suite 700 in North York, Ontario and that it is a citizen of Canada.

2. Lief admits it is a company organized and existing under the laws of the State of California but denies the remaining allegations of this paragraph. Lief's principal place of business is at 23903 Avenue Paine, Valencia, California 91355.

3. Lief denies the allegations of this paragraph.

4. Lief admits the allegations of this paragraph.

5. Lief is without knowledge or information to admit or deny the allegations of this paragraph.

# JURISDICTION AND VENUE

6. Lief admits the allegations of this paragraph.

7. Lief admits that Viva purports to be a citizen of Canada and is a foreign party under 28 U.S.C. § 1332(c)(1).

8. Lief admits the allegations of this paragraph.

9. Lief admits that subject matter jurisdiction exists.

10. Lief admits that venue is proper in this District.

11. Lief admits that personal jurisdiction exists.

# BACKGROUND FACTS

12. Lief admits that Viva purports to be engaged in the business of, *inter alia*, developing and selling dietary supplement products.

13. Lief admits the allegations of this paragraph.

14. Lief admits the allegations of this paragraph.

15. Lief admits the allegations of this paragraph.

16. Lief admits the allegations of this paragraph.

17. Lief denies the allegations of this paragraph.

18. Lief denies the allegations of this paragraph.

1  19.  Lief denies the allegations of this paragraph.
2  20.  Lief denies the allegations of this paragraph.
3  21.  Lief denies the allegations of this paragraph.
4  22.  Lief denies the allegations of this paragraph.
5  23.  Lief denies the allegations of this paragraph.
6  24.  Lief denies the allegations of this paragraph.
7  25.  Lief denies the allegations of this paragraph.

### COUNT ONE (Breach of Contract)

25.  Lief incorporates by reference the foregoing paragraphs.  Viva mis-numbered the paragraphs in the First Amended Complaint by repeating paragraph 25. Lief's answers correspond to the paragraph numbers used by Viva.

26.  Lief admits it had a business relationship with Viva and denies the remaining allegations of this paragraph.

27.  Lief denies the allegations of this paragraph.
28.  Lief denies the allegations of this paragraph.
29.  Lief denies the allegations of this paragraph.
30.  Lief denies the allegations of this paragraph.

### COUNT TWO (Breach of Warranty)

31.  Lief incorporates by reference the foregoing paragraphs.
32.  Lief denies the allegations of this paragraph.
33.  Lief denies the allegations of this paragraph.
34.  Lief denies the allegations of this paragraph.
35.  Lief denies the allegations of this paragraph.

### COUNT THREE (Negligence)

36.  Lief incorporates by reference the foregoing paragraphs.
37.  Lief denies the allegations of this paragraph.
38.  Lief denies the allegations of this paragraph.
39.  Lief denies the allegations of this paragraph.

40. Lief denies the allegations of this paragraph.

41. Lief denies the allegations of this paragraph.

## DEMAND FOR JURY TRIAL

42. Lief admits that Viva demands a jury trial for all issues in this case that properly are subject to a jury trial.

## AFFIRMATIVE DEFENSES

Lief denies any allegation in the First Amended Complaint not specifically admitted herein.

Viva fails to state a claim upon which relief can be granted.

Viva's claims are barred, in whole or in part, based on Viva's prior breach of contract.

Viva's claims are barred, in whole or in part, because Viva has not mitigated its damages, if any.

Viva's claims are barred, in whole or in part, due to the negligent and wrongful conduct of Viva.

Viva's claims are barred, in whole or in part, due to the negligent and wrongful conduct of third parties.

Viva's claims are barred, in whole or in part, based on estoppel and waiver.

Viva's negligence claim is barred by the economic loss rule.

Viva's claims are barred to the extent that it provided Lief with raw ingredients to be used in manufacturing the products at issue.

Viva's claims are barred to the extent that they are contrary to applicable federal and state laws and regulations.

Lief reserves the right to add to or amend this list of defenses upon further investigation, including through discovery.

## PRAYER FOR RELIEF

1. Lief denies that Viva is entitled to any relief whatsoever, whether or not prayed for or requested, in the First Amended Complaint.

## COUNTERCLAIMS

Counterclaim plaintiff, Lief Organics, LLC ("Lief"), hereby brings these counterclaims against counterclaim defendant, Viva Naturals, Inc. ("Viva"), and alleges as follows:

### PARTIES

1. Lief is a California limited liability company with its principal place of business in Valencia, California.

2. Viva is a Canadian corporation with a principal place of business located at 100 Sheppard Avenue East, Suite 700, North York, Ontario. Lief is a Canadian citizen.

### JURISDICTION AND VENUE

3. The Court has exclusive subject matter jurisdiction over the underlying action pursuant to 28 U.S.C. § 1332(a)(2) because diversity of jurisdiction exists here where the parties are citizens of different states, including a foreign state, and the amount in controversy exceeds $75,000.

4. The exercise of personal jurisdiction over Viva comports with the laws of the State of California and the constitutional requirements of due process because Viva brought this case in California and it transacts business and offers to transact business within California.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

### FACTS

6. Lief is a premier innovator and full-service cGMP manufacturer of dietary supplements. Lief formulates and manufactures dietary supplements such as powders, tablets, and capsules for other companies.

7. Viva develops and sells dietary supplements.

8. On or about October 12, 2017, Lief entered into a Payment and Terms agreement with Viva by which Lief would manufacture flavored multi-source

collagen powder products for Viva. Exhibit "A". The terms and conditions of the agreement between the parties, such as prices and fees, are set forth in additional documents, incorporated herein by reference.

9. Per the agreement, Viva agreed to provide the chicken collagen material to Lief for use in manufacturing the products via its supplier, Hainan Semnl Biotechnology Co., Ltd. ("Semnl Biotechnology").

10. Further, the Certificate of Analysis provided by Viva from Semnl Biotechnology for the chicken collagen material to be provided and used by Lief bulk designated the material as Grade A and described the material as either Granular or Powder. The Certificates are incorporated herein by reference.

11. In April 2018, Lief received the chicken collagen material from Semnl Biotechnology. Lief created one code for the chicken collagen ingredient based on the specification documents supplied by Viva which bulk designated the ingredient as Grade A.

12. Thereafter, Viva submitted purchase orders for products in October 2017, June 2018, and July 2018. Exhibit "B", incorporated herein by reference. These purchase orders did not specify whether a particular form of chicken material, granular or powder, should be used for the different products.

13. In November and December 2018, purchase orders using the chicken collagen were moved forward but then canceled.

14. In January 2019, Lief discovered that the shipment of chicken collagen from Semnl Biotechnology contained two different forms of chicken collagen raw material, granular and powder. Both forms of chicken collagen were sent on the same pallet and were not segregated from each other.

15. Lief confirmed with Viva that two different forms of chicken collagen were sent and then manually separated and counted the material and created an additional code to differentiate between the two forms per Viva's request.

16. Lief manufactured all of Viva's product with the chicken collagen provided by Viva through Semnl Biotechnology.

17. Viva's own New Product Request for Quote sheet does not specify granular or powder material, but only states Grade A chicken collagen as an ingredient. The New Product Request for Quote is attached as Exhibit "C" and is incorporated by reference.

18. Lief followed GMP standards and manufactured all of Viva's products within the applicable specification.

19. Viva has outstanding invoices and has failed to pay Lief for finished product. Viva owes approximately $12,850 to Lief, plus pre- and post-judgment interest.

20. Lief continues to incur expenses from storing Viva's finished and unfinished inventory. To date, Viva owes Lief approximately $50,400 for storage fees, plus pre- and post-judgment interest.

## COUNT I

### (Breach of Contract)

21. The foregoing allegations are incorporated by reference.

22. Lief performed all of its contractual duties with respect to the agreement with Viva.

23. Viva breached the agreement between the parties by failing to pay for services rendered and products manufactured, including finished product and storage fees.

24. As such, Viva has materially breached the agreement.

25. Viva has sold and profited from the product at issue manufactured by Lief.

26. By the acts and omissions alleged above, Viva has breached the covenant of good faith and fair dealing implied in every contract.

27. As a direct and proximate result of the foregoing, Lief has been damaged in an amount to be determined at trial. To the extent allowed by law, Lief is entitled to its reasonable attorneys' fees incurred in this case.

28. Further, Lief is entitled to be paid storage fees for the Viva products in an amount to be determined at trial and a declaratory judgment that Lief may destroy the finished and unfinished inventory to mitigate its damages.

29. Based on the contractual relationship between the parties, an accounting should be ordered.

## COUNT II

### (Account Stated)

30. The foregoing allegations are incorporated by reference.

31. Lief submitted invoices for its services to Viva which Viva did not object to and for which Viva has not paid. The invoices are incorporated by reference.

32. Viva, by accepting and not objecting to the invoices, agreed that the amount stated in the account was the correct amount owed to Lief for services provided.

33. Viva, by accepting and not objecting to the invoices, promised to pay the stated amount to Lief in an amount to be determined at trial, plus pre- and post-judgment interest.

34. Viva has not paid Lief all of the amounts owed under this account.

## REQUEST FOR RELIEF

Lief respectfully requests that this Court enter judgment against Viva and that the following relief be granted:

a. judgment that Viva has materially breached the agreement between the parties;

b. judgment that Viva owes Lief money on an account stated;

c. judgment against Viva for damages in an amount to be determined at trial, plus pre- and post-judgment interest;

    d.    an accounting;

    e.    attorneys' fees as allowed by law;

    f.    costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

    g.    such other relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

Lief hereby demands a jury trial on all issues so triable.

Dated:    August 17. 2020    **WILSON TURNER KOSMO LLP**

    By:    */s/ Frederick W. Kosmo, Jr.*
                 FREDERICK W. KOSMO, JR.
                 HUBERT KIM
                 Attorneys for Defendant and Counter-Claimant
                 LIEF ORGANICS, LLC