James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

Attorneys for Plaintiff Viva Naturals, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVA NATURALS, INC., <br><br> Plaintiff <br><br> vs. <br><br> LIEF ORGANICS, LLC, <br><br> Defendant | Case No. 2:20-CV-03107-RGK-AFM <br><br> **PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT MOTION** <br><br> Hearing Date:  July 12, 2021 <br> Hearing Time:  9:00 a.m. <br><br> Final Pretrial Conf.:  August 9, 2021 <br> Trial Date:  August 24, 2021 <br><br> [Concurrently filed with: <br> (1) Notice of Motion; (2)Memorandum of Points and Authorities; (3) Declaration of James Schultz; and (4) Proposed Judgment] |

Plaintiff Viva Naturals, Inc. ("Plaintiff") hereby submits this Separate Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

## PLAINTIFF'S UNCONTROVERTED FACTS

| No. | Fact | Supporting Evidence |
|---|---|---|
| 1 | Plaintiff is engaged in the business of developing and selling dietary supplement products. | Plaintiff's Amended Complaint (ECF No. 9) at ¶ 12; Defendant's Answer to First Amended Complaint (ECF No. 23) at ¶ 12. |
| 2 | Defendant purports to be a full-service cGMP (Current Good Manufacturing Practices) manufacturer of dietary supplements. | Plaintiff's Amended Complaint (ECF No. 9) at ¶ 12; Defendant's Answer to First Amended Complaint (ECF No. 23) at ¶ 12; Defendant's Counterclaim (ECF No. 23) at ¶ 6. |
| 3 | In 2017, Defendant entered into an agreement with Plaintiff by which Defendant would manufacture flavored multi-source collagen powder products (the "Product") for Plaintiff. | Defendant's Counterclaim (ECF No. 23) at ¶ 8. |
| 4 | The Defendant warranted to the Plaintiff that the Product would be of merchantable quality. | Declaration of James Schultz ("Schultz Decl.") at ¶¶ 5-8 and Exhibit A, Request for Admissions at |

| | | |
|---|---|---|
| | | No. 6. |
| 5 | The specification for the Product required that only the granular form of chicken collagen be used in manufacturing of the Product, and not the powdered form of chicken collagen or a mix of the two. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at No. 1. |
| 6 | Defendant knew that there were two forms of chicken collagen and that the granular form was to be used in the Product's manufacture. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at Nos. 1, 2, and 4. |
| 7 | Defendant manufactured the Product using the powder form of the chicken collagen, or a mix of the powder and granular chicken collagen, and admitted so in writing. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at Nos. 3 and 7. |
| 8 | Defendant did not note a deviation with the Plaintiff's specifications pursuant cGMP requirements under 21 C.F.R. § 111.70, which requires manufacturers to comply with ingredient identity specifications. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at No. 5. |
| 9 | $74,445 worth of Product was not saleable | Schultz Decl. at ¶¶ 5-8 and |

| | | |
|---|---|---|
| | because the Product was not produced in accordance to the Plaintiff's specifications. | Exhibit A, Request for Admissions at No. 9. |
| 10 | In the course of the relationship between the Plaintiff and Defendant, the Plaintiff sent raw ingredients, packaging labels, and other materials directly to Defendant. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at No. 10. |
| 11 | Defendant was responsible for managing the inventory provided by Plaintiff in exchange for a fee. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at No. 11. |
| 12 | Defendant has failed to account for $31,677 of the Plaintiff's inventory. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at No. 12. |
| 13 | Defendant is holding $203,262 of Plaintiff's inventory, excluding the $74,445 value of the Product and the missing inventory of $31,677, to which Defendant has not given Plaintiff access or released, despite Plaintiff's requests and demands. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for Admissions at Nos. 13 and 14. |
| 14 | Plaintiff has suffered damages of $309,384. | Schultz Decl. at ¶¶ 5-8 and Exhibit A, Request for |

|    |    |    |
| --- | --- | --- |
|    |    | Admissions at No. 9 and 13. |
| 15 | The Defendant has not presented any evidence pertaining to (i) Defendant's compliance with cGMP requirements in manufacturing, storing and distributing the Plaintiff's products; (ii) any steps taken by the Defendant to manufacture the Product in accordance with Plaintiff's specifications; and (iii) how the Plaintiff's inventory was tracked or managed. | Schultz Decl. at ¶¶ 5-8 and Exhibit B (Interrogatories at Nos. 7, 8, 9, 17 and 20) and Exhibit C (Request for Documents at Nos. 12, 21, 22, and 23). |
| 16 | Defendant has not produced any evidence supporting its allegations pertaining to (i) misconduct by the Plaintiff and (ii) what damages were suffered by the Defendant or how those damages are to be calculated. | Schultz Decl. at ¶¶ 5-8 and Exhibit B (Interrogatories at Nos. 10 and 11) and Exhibit C (Request for Documents at Nos. 1, 2, 24, 25, and 26). |

Dated: June 10, 2021          Respectfully submitted,

SESSIONS, ISRAEL & SHARTLE, L.L.P.

*/s/James K. Schultz*
James K. Schultz
Debbie P. Kirkpatrick
Attorneys for Plaintiff Viva Naturals, Inc.