James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel:  619/758-1891
Fax:  877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

Attorneys for Plaintiff Viva Naturals, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVA NATURALS, INC.,<br><br>             Plaintiff<br><br>   vs.<br><br>LIEF ORGANICS, LLC,<br><br>          Defendant | Case No. 2:20-CV-03107-RGK-AFM<br><br>**DECLARATION OF JAMES K. SCHULTZ IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  July 12, 2021<br>Hearing Time:  9:00 a.m.<br><br>Final Pretrial Conf.:  August 9, 2021<br>Trial Date:  August 24, 2021<br><br>[Concurrently filed with:<br>(1) Notice of Motion; (2) Memorandum of Points and Authorities; (3) Separate Statement of Uncontroverted Facts and Conclusions of Law; and (4) Proposed Judgment] |

## <u>DECLARATION OF JAMES K. SCHULTZ</u>

I, James K. Schultz, hereby declare and state as follows:

1.   I am an attorney at law duly licensed to practice before all of the federal courts in the State of California. I am associated with the law firm of Sessions, Israel & Shartle, L.L.P., counsel of record for Plaintiff Viva Naturals Inc. ("Plaintiff").

2.   This Declaration is being submitted in support of Plaintiff's Motion for Summary Judgment.

3.   Plaintiff commenced this action for breach of contract, breach of warranties, and negligence on April 2, 2020. ECF No. 1.   Plaintiff's First Amended Complaint was filed June 15, 2020.  ECF No. 9.

4.   Defendant's Answer to the First Amended Complaint and Counterclaims was filed on August 17, 2020.  ECF No. 23.

5.   On January 19, 2021, Plaintiff's Discovery Requests, which included Interrogatories, Request for Documents, and Request for Admissions, were served on Defendant's counsel.  True and correct copies of these Discovery Requests are attached hereto as Exhibit A.

6.   After Plaintiff agreed to an extension of the initial deadline for responding to the requests, Defendant partially responded to Plaintiff's discovery requests on March 19, 2021 by providing written responses to Interrogatories and Requests for Documents, but Defendant has never provided actual documents referenced in the responses or any responses to the Request for Admissions.  True and correct copies of Defendant's partial written responses are attached hereto as Exhibit B (Interrogatories) and Exhibit C (Request for Documents).

7.   To date, despite multiple demands by Plaintiff, Defendant has not provided any responses to the Plaintiff's Request for Admissions, and Defendant has not provided any documents referenced in its written responses to Interrogatories and Requests for Documents, even though the deadline for discovery expired on May 27, 2021.  ECF No. 33.

8.     Defendant has never propounded any discovery requests upon the Plaintiff.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated:  June 10, 2021                              */s/James K. Schultz*
                                                                James K. Schultz

Exhibit A

James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   877/334-0661
jschultz@sessions.legal
dkirkpatrick@sessions.legal

*Attorney for Plaintiff and Defendant by Counterclaim,*
*Viva Naturals, Inc. S. K. Laboratories*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVA NATURALS, INC., | |
| Plaintiff / Defendant by Counterclaim, | CASE NO.:  2:20-cv-03107-RGK-AFM |
| v. | VIVA NATURALS, INC.'s DISCOVERY REQUESTS DIRECTED TO LIEF ORGANICS, LLC |
| LIEF ORGANICS, LLC, | |
| Defendants / Plaintiffs by Counterclaim | |

Plaintiff and Defendant by Counterclaim, Viva Naturals, Inc. ("Viva), through

counsel and pursuant to Federal Rules of Civil Procedure 33, 34, and 36, propounds

the following discovery to the Defendants and Plaintiffs by Counterclaim Lief Organics, LLC ("Lief"). These Interrogatories, Requests for Production of Documents, and Requests for Admissions must be answered separately and fully, in writing, under oath.

## I. INSTRUCTIONS

(A)    Restate each Interrogatory, Request for Production of Documents, and Request for Admission in full immediately before your response.

(B)    In answering to these discovery requests, you shall furnish all information available to you at the time of your answers and shall supplement your answers in accordance with Fed. R. Civ. P. 26. Combined or general answers shall be considered non-responsive unless accompanied by an express statement that the answer is full, complete, and specific as to each discovery request to which the combined or general answer is meant to be responsive.

(C)    Answer each discovery request fully, providing all information actually or constructively available to plaintiff collectively and/or individually, or any other persons or entities that plaintiff knows to possess or have access to the requested information.

(D)    If you fail to answer any discovery request in accordance with these instructions, specifically state the reason(s).

(E)    If you interpose any objection to any discovery request, fully state the grounds for the objection and the legal authority upon which you would rely in response to a Motion to Compel.

(F)    With respect to each document otherwise called for by this discovery, as to which you assert a claim of privilege, or the applicability of the work product doctrine, state separately the following, in addition to the information otherwise requested:

(1)  the type of document(s);

(2)  its date;

(3)  the name, business address, and present position of its author(s);

(4)  the business affiliation and position of its author(s) at the time of preparation of the document;

(5)  the name, business address, and present position of its addressee and all other recipients of the document;

(6)  the business affiliation and position of its addressee and all other recipients at the time of receipt of the document;

(7)  a general description of the subject matter of the document;

(8)  the basis of the claim of privilege; and

(9)  the facts and law upon which you will rely in support of that contention in response to a Motion to Compel.

(G)  For every Request for Production, to the extent that a responsive "document" or any type of responsive materials of any type existed at some point in time, but no longer exists, please identify such "documents" or such responsive materials.

## II. DEFINITIONS

(A)  The term "Viva" refers to the Plaintiff and Defendant by Counterclaim Viva Naturals, Inc.

(B)  The term "Lief" refers to the Defendant and Plaintiff by Counterclaim Lief Organics, LLC.

(C)  The term "Plaintiff" refers to Viva.

(D)  The term "Defendant" refers to Lief.

(E)  The term "person" means any individual, partnership, firm, corporation, association, joint venture, or any other business, legal entity or institution.

(F)  The term "document" means the original and all non-identical copies (whether different from the original because of additional notations or otherwise) of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of the Defendant including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether

tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Fed. R. Civ. P. 26, 33, 34, and 36.

(G)    The terms "identify" and "describe" mean:

(1)    When used in connection with a product:  the product name, lot number, SKU number, UPC number, and production date; and shall encompass all documents pertaining to the development, marketing, manufacturing, distribution, purchasing, selling, returning, refunding, or recalling any such product.

(2)    when used in reference to an individual:  his/her full name (including any aliases, nicknames, maiden names, or other names), current address and every residential address he/she has had for the past 5 years; telephone numbers, email addresses, last four digits of his/her social security number, current driver's license number, date of birth, and his/her last known business affiliation and position.

(3)    when used in reference to a corporation:  its full name, its state of incorporation, its date of incorporation, its principal place of business, and the corporation's representatives or agents with whom you have direct contact.

(4)    when used in reference to a person other than an individual or corporation: its official name, its organizational form, its address, and the person's representatives or agents with whom you have direct contact.

(5)    when used in reference to a document:  the type of document, its date, author, addressee, title; its present location; the name and address of its custodian; and the substance of the contents thereof (in lieu of

identifying any documents, copies may be furnished).

(6)  when used in reference to any communication, act, occurrence, occasion, meeting, transaction, or conduct:  the event or events constituting such acts; its (their) location(s); the date and time; particular persons participating or present; and all related documents.

(7)  when used in reference to any discussion, conversation, communication, or statement: in addition to the definition of paragraph (F)(6) above, the substance of the discussion.

(8)  when used in reference to the calculation of damages: the manner in which such figure was calculated, an itemization and detailed description of each fact and incident of damage, all data and documentation supporting the figure, the person(s) so calculating those damages, and the relationship of that person of those persons to the Defendants.

(H)  "Pertain to" or "pertaining to" shall mean commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense possible.

(I)  The term "communication" shall mean any oral or written representation, promise, conversation, statement, message or transmission of information and should be construed in the broadest sense possible.

(J)  The term "the Product" shall mean Multi-Source Collagen Powder Plus-Unflavored.

(K)  The term "Claim" refers to the First Amended Complaint filed by Viva on June 15, 2020 (ECF No. 9).

(L)  The term "Counterclaim" refers to the Counterclaim filed by Lief on August 17, 2020 (ECF No. 23).

## III.  INTERROGATORIES

1.  Identify by name and address the individual who is providing the answers to these interrogatories.

2.  Identify each and every person who provided any information in connection with the answers to these Interrogatories and Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

3.  Identify all persons who will testify at trial.  For each person identified, provide details regarding the subject matter of their testimony and the basis of their knowledge.

4.  Identify every person who has knowledge regarding the claims contained in the Complaint and Counterclaim and provide a brief description of the substance of their knowledge.

5.  Identify all experts you may use at trial, specifying the name and address of the expert and the expert's expected testimony.

6.    Identify any and all communications between Viva and Lief where Viva communicated the specifications to Lief for the Product.

7.    Identify any and all documents where client specifications for manufacturing products are recorded.

8.    Identify any and all documents which reflect that each lot number of the Product conforms with Viva's specifications and Good Manufacturing Practices.

9.    Identify all protocols and management systems that are in place to ensure proper documentation and that final Products are conforming to client specifications and Good Manufacturing Practices.

10.    Identify how Lief has calculated the damages sustained in the Counterclaim.

11.    Identify any and all documents that support Lief's damages that it sustained as a result of Viva's conduct as alleged in the Counterclaim.

12.    Identify the individual at Life who created one product code for the powdered and granular chicken collagen.

13.    Identify any and all documents related to the fact that the two forms of chicken collagen (powdered and granular) were being recorded under one product code.

14.    Identify who discovered that the two forms of chicken collagen (namely powdered and granular) were under one product code.

15.    Identify any and all documents related to internal communications at Lief concerning the fact that the two forms of chicken collagen (granular and powered) were put under one product code.

16.    Identify any and all documents related to the storage of the inventory provided by Viva to Lief.

17.    Identify any and all documents related to tracking the inventory provided by Viva to Lief.

18.    Identify any and all documents related to the use of the inventory provided by Viva to Lief in the manufacturing process of the Products.

19.    Identify any all documents related to the quality control of the inventory provided by Viva, and of the Products that were manufactured, sold or distributed by Lief.

20.    Identify every person involved in tracking and managing the storage of the inventory provided by Viva to Lief.

21.    Identify every person involved in the manufacture of the Products.

22.     Identify every person entrusted with ensuring the Products were manufactured in accordance with the specifications provided by Viva, and in accordance with Good Manufacturing Practices.

## IV.  REQUEST FOR DOCUMENTS

1.     Produce any and all documents that support your allegations in the Answer and Counterclaim, and any and all documents not produced in response to any other request that support the claims that Lief asserted or intends to assert in this action.

2.     Produce any and all documents that support the factual basis and amount of all damages Lief claims to have suffered.

3.     Produce all documents identified in, or used or reviewed in, preparing your response to the Interrogatories.

4.     Produce all documents Lief sent to, or shared with, any third-party pertaining to the allegations in the Complaint, Answer and Counterclaim, or otherwise relating to this case.

5.     Produce any all documents referring to, or relating to, any agreements or contracts between Viva and Lief pertaining to the Products and claims at issue.

6.     Produce any and all documents relating to any communications between Viva and Lief concerning the agreements between the parties and/or pertaining to the Products and claims at issue.

7.     Produce any internal communications referring to, or relating to, any agreements between Lief and Viva.

8.     Produce any and all documents relating to any communications between Viva and Lief concerning the specifications of the Products manufactured, sold or distributed under the agreement between the parties.

9.      Produce any and all documents relating to any communications between Viva and Lief concerning the different forms of chicken collagen (powder or granular).

10.     Produce any and all documents relating to any policies, procedures and/or guidelines governing the quality, components or ingredients of the Products distributed or sold under the agreement.

11.     Produce any and all documents relating to any communications between Lief and any person or entity, other than your legal counsel, concerning Lief, the subject matter of this action, and/or the claims or defences asserted in this action.

12.     Produce any and all documents referring to Lief's compliance with Good Manufacturing Practices in its storing, manufacturing, and distributing of products.

13.     Produce any and all documents pertaining to the specifications in which Viva bulk designated the chicken collagen ingredients as Grade A, as alleged in paragraph 11 of the Counterclaim.

14.     Produce the purchase orders for products in October 2017, June 2018 and July 2018 which did not specify whether a particular form of chicken material, granular or powder, should be used for the different products, as alleged in paragraph 12 of the Counterclaim.

15.     Produce the purchase orders using the chicken collagen from November and December 2018 which were moved forward but then cancelled, as alleged in paragraph 13 of the Counterclaim.

16.     Produce any and all documents pertaining to the shipment of two forms of chicken collagen, granular and powder, from Semnl Biotechnology in January 2019 that were sent on the same pallet and not segregated from each other, as alleged in paragraph 14 of the Counterclaim.

17.     Produce any and all documents pertaining to the communications where Lief confirmed with Viva that two different forms of chicken collagen were sent, as alleged in paragraph 15 of the Counterclaim.

18.     Produce any and all documents pertaining to Lief manually separating two different forms of chicken collagen (powdered and granular) and creating an additional code to differentiate the two forms, as alleged in paragraph 15 of the Counterclaim.

19.     Produce any and all documents pertaining to Lief's communication to Viva that the different forms of collagen, granular and powder, were being manually separated.

20.     Produce Viva's New Product Request Quote which does not specify granular or powder material, but only states Grade A chicken, as alleged in paragraph 17 of the Counterclaim.

21.     Produce any and all documents which show that Lief followed Good Manufacturing Practice standards when it manufactured all of Viva's products, as alleged in paragraph 18 of the Counterclaim.

22.     Produce any and all documents which show that Lief produced all products for Viva within Viva's specifications for each product, as alleged in paragraph 18 of the Counterclaim.

23.     Produce any and all documents which relate to testing of the final Products manufactured by Lief.

24.     Produce any and all outstanding purchase orders for finished product which Viva has allegedly failed to pay Lief for, and any and all documents pertaining to the calculation of damages for unpaid invoices, as alleged in paragraph 19 of the Counterclaim.

25.     Produce any and all documents pertaining to the calculation of damages sustained by Lief for storage as assessed in paragraph 20 of the Counterclaim.

26.     Produce any and all documents showing that Viva failed to pay for services rendered and products manufactured, and any and all documents pertaining to the calculation of damages alleged in paragraph 23 of the Counterclaim.

27.     Produce any and all documents Lief intends to rely on which shows that Viva has sold and profited from the product at issue that was manufactured by Lief, as alleged in paragraph 25 of the Counterclaim.

28.     Produce any and all documents relating or referring to any admissions made by a party to this action.

29.     Produce any and all documents relating to any statements against interest made by a party to this action.

30.     Produce any and all documents that you intend to introduce as exhibits at the trial of this matter.

31.     Produce any and all documents relating or referring to any reports from persons you intend to call as expert witnesses at this trial of this matter, as well as the curriculum vitae of each expert.

## V.  REQUEST FOR ADMISSIONS

1.     That Lief knew that the specification for the Product required that only granular or granulated ("granular") chicken collagen be used in manufacturing of the Product, and not the powdered form of chicken collagen or a mix of the two.

2.     That on November 9, 2018, Viva's Amber Jones sent an email to Lief indicating that there are two forms of the "Chicken Collagen" and that granular was to be used in manufacturing the Product.

3.     That Lief manufactured the Product using the powder form of the chicken collagen, or a mix of the powder and granular chicken collagen.

4.     That Lief knew that since the different forms of chicken collagen were labelled "powder" or "granular" there was a difference between the two forms of

chicken collagen provided by Viva even though both might have been labelled as "Grade A".

5.     That Lief did not note a deviation with Viva's specifications pursuant Good Manufacturing Practice requirements under 21 C.F.R. § 111.70 which requires manufacturers to comply with ingredient identity specifications.

6.     That Lief warranted to the Plaintiff that the Product would be of merchantable quality.

7.     That Lief's Andy Swanson admitted in a January 21, 2020 email that Lief "cannot definitively state that PWD and GRAN were separated completely or that one form was not used in place of another" (referring to the powdered and granular forms of chicken collagen respectively) in manufacturing the Product.

8.     That Lief only had approximately 33.5 kilograms of the granular chicken collagen in its inventory, and the amount of Product produced for Viva would have required approximately 100 kilograms of granular chicken collagen.

9.     That $74,445 USD worth of Products were not saleable by Viva because they were not produced accordance to Viva's specifications.

10.     That in the course of the relationship between Life and Viva, Viva sent raw ingredients, packaging labels, and other materials directly to Lief.

11.     That Lief was responsible for managing the inventory provided by Viva in exchange for a fee.

12.     That Lief cannot account for $31,677 USD of Viva's inventory.

13.     That Lief is holding about $203,262 USD of Viva's inventory, excluding the $74,445 USD value of the Product in dispute and the inventory of $31,677 USD, to which Lief has not given Viva access.

14.     That despite previous requests and demands, Lief has not released this inventory to Viva.

Date:  1/19/2021                    SESSIONS, ISRAEL & SHARTLE, L.L.P.


                                   */s/ James K. Schultz*
                                   James K. Schultz
                                   Attorney for Plaintiff
                                   Viva Naturals, Inc.

CASE NAME: Viva Naturals, Inc. v. Lief Organics, LLC
CASE NO:    2:20-cv-03107 RGK-AFM

**PROOF OF SERVICE**

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years and not a party to the within action; my business address is 1545 Hotel Circle South, Suite 150, San Diego, California 92108.  On this date I served the following:

**VIVA NATURALS, INC.'s
DISCOVERY REQUESTS DIRECTED TO
LIEF ORGANICS, LLC**

(X )  BY U.S. MAIL

    I served a true and correct copy of the above-named documents by mail by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the U.S. mail at San Diego, California.  Said envelope(s) was/were addressed as listed hereafter:

( X )  BY ELECTRONIC MAIL

    I served a true and correct copy of the above-named documents by email, I caused the documents to be sent to the person(s) at the email address(es) listed below:

( )  BY COURT'S CM/ECF ELECTRONIC FILING SERVER

    I served on the interested parties in this action through their attorney's, as stated below, who have agreed to accept electronic service in this matter, by electronically filing and serving said documents via the Court's CM/ECF electronic filing server.

| | |
|---|---|
| Frederick W. Kosmo, Jr., Esq. | fkosmo@wilsonturnerkosmo.com |
| Huber Kim, Esq. | hkim@wilsonturnerkosmo.com |
| Wilson Turner Kosmo LLP | |
| 402 West Broadway, Suite 1600 | |
| San Diego, CA 92101 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  January 19, 2021

Ann M. Coito

Exhibit B

WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: fkosmo@wilsonturnerkosmo.com
E-mail: hkim@wilsonturnerkosmo.com

Attorneys for Defendant and Counter-Claimant
LIEF ORGANICS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Viva Naturals, Inc., | Case No. 2:20-cv-03107-RGK-AFM |
| Plaintiffs, | **LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S INTERROGATORIES, SET ONE** |
| v. | |
| Lief Organics, LLC, | First Amended Complaint Filed: June 17, 2020 |
| Defendant. | District Judge: Hon. R. Gary Klausner<br>Courtroom: 850, 8th Floor |
| | Magistrate Judge: Hon. Alexander F. MacKinnon |
| | Courtroom: #780, 7th Floor |
| | Trial Date: Not Set |
| And Related Counterclaims | |

PROPOUNDING PARTY:  VIVA NATURALS, INC.

RESPONDING PARTY:  LIEF ORGANICS, LLC

SET NUMBER:  ONE

///

///

Case No. 2:20-cv-03107-RGK-AFM

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counter-Claimant LIEF ORGANICS, LLC (hereinafter "Lief" or "Responding Party") responds to Plaintiff VIVA NATURALS, INC. ("Plaintiff") Interrogatories, Set One, as follows:

## PRELIMINARY STATEMENT

Responding Party has attempted in good faith to respond to these Interrogatories, pursuant to Federal Rule of Civil Procedure 33.  Its responses are based upon information that is currently available to it, and are made without prejudice to its right to rely upon subsequently discovered information.  Responding Party has not completed its investigation of the facts relating to this action, nor its discovery or preparation for trial.  Responding Party anticipates that further discovery and ongoing investigation may lead to additions to or changes in the responses set forth herein, and the following responses are given without prejudice to Responding Party's right to introduce subsequently discovered information now known, but whose relevance, significance or application has not yet been determined.  Responding Party specifically reserves the right to contest the admissibility at trial of information included in these responses.  Accordingly, Responding Party reserves the right to change or supplement these responses, at trial or otherwise, if different or additional responsive information is forthcoming.

Responding Party objects generally and specifically to these Interrogatories to the extent they seek disclosure of information protected by attorney work-product immunity, the attorney-client privilege and/or the trade secret or proprietary information privilege or invades the privacy rights of any entity or person. Responding Party further objects generally and specifically to the extent Claimant's instructions, requests, or definitions impose obligations other than those required by the Federal Rules of Civil Procedure.  All responses provided below are subject to and without prejudice to these and any other applicable objections, including objections previously made in this action.

-2-    Case No. 2:20-cv-03107-RGK-AFM

This Preliminary Statement is hereby incorporated by reference into each of the responses provided.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by name and address the individual who is providing the answers to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Tito Sanchez, c/o counsel for Lief; Nathan Cox, c/o counsel for Lief; and Armando Solorzano, c/o counsel for Lief.

**INTERROGATORY NO. 2:**

Identify each and every person who provided any information in connection with the answers to these Interrogatories and Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

Tito Sanchez, c/o counsel for Lief; Nathan Cox, c/o counsel for Lief; and Armando Solorzano, c/o counsel for Lief.

**INTERROGATORY NO. 3:**

Identify all persons who will testify at trial. For each person identified, provide details regarding the subject matter of their testimony and the basis of their knowledge.

**RESPONSE TO INTERROGATORY NO. 3:**

Lief objects to this Interrogatory on the basis that it purports to require Lief to produce its witness list in advance of the date required by the Court's Scheduling Order and the Federal Rules of Civil Procedure.  Lief will provide its pre-trial witness list in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

///

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S INTERROGATORIES, SET ONE

**INTERROGATORY NO. 4:**

Identify every person who has knowledge regarding the claims contained in the Complaint and Counterclaim and provide a brief description of the substance of their knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

To the extent any such information exists, Lief will produce the documents that evidence such information in accordance with Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 5:**

Identify all experts you may use at trial, specifying the name and address of the expert and the expert's expected testimony.

**RESPONSE TO INTERROGATORY NO. 5:**

Lief objects to this Request on the basis that it purports to require Lief to disclose its expert witnesses in advance of the date required by the Court's Scheduling Order and the Federal Rules of Civil Procedure. Lief will disclose its expert witnesses in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6:**

Identify any and all communications between Viva and Lief where Viva communicated the specifications to Lief for the Product.

**RESPONSE TO INTERROGATORY NO. 6:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 7:**

Identify any and all documents where client specifications for manufacturing products are recorded.

///

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 7:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 8:**

Identify any and all documents which reflect that each lot number of the Product conforms with Viva's specifications and Good Manufacturing Practices.

**RESPONSE TO INTERROGATORY NO. 8:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 9:**

Identify all protocols and management systems that are in place to ensure proper documentation and that final Products are conforming to client specifications and Good Manufacturing Practices.

**RESPONSE TO INTERROGATORY NO. 9:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 10:**

Identify how Lief has calculated the damages sustained in the Counterclaim.

**RESPONSE TO INTERROGATORY NO. 10:**

Lief will produce the documents that evidence such information in accordance with FRCP 33(d).

**INTERROGATORY NO. 11:**

Identify any and all documents that support Lief's damages that it sustained as a result of Viva's conduct as alleged in the Counterclaim.

**RESPONSE TO INTERROGATORY NO. 11:**

Lief will produce the documents that evidence such information in accordance with FRCP 33(d).

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S INTERROGATORIES, SET ONE

1   **INTERROGATORY NO. 12:**

2   Identify the individual at Life who created one product code for the powdered

3   and granular chicken collagen.

4   **RESPONSE TO INTERROGATORY NO. 12:**

5   To the extent any such information exists, Lief will produce the documents that

6   evidence such information in accordance with FRCP 33(d).

7   **INTERROGATORY NO. 13:**

8   Identify any and all documents related to the fact that the two forms of chicken

9   collagen (powdered and granular) were being recorded under one product code.

10  **RESPONSE TO INTERROGATORY NO. 13:**

11  To the extent any such information exists, Lief will produce the requested

12  documents in accordance with FRCP 33(d).

13  **INTERROGATORY NO. 14:**

14  Identify who discovered that the two forms of chicken collagen (namely

15  powdered and granular) were under one product code.

16  **RESPONSE TO INTERROGATORY NO. 14:**

17  To the extent any such information exists, Lief will produce the documents that

18  evidence such information in accordance with FRCP 33(d).

19  **INTERROGATORY NO. 15:**

20  Identify any and all documents related to internal communications at Lief

21  concerning the fact that the two forms of chicken collagen (granular and powered)

22  were put under one product code.

23  **RESPONSE TO INTERROGATORY NO. 15:**

24  To the extent any such information exists, Lief will produce the requested

25  documents in accordance with FRCP 33(d).

26

27

28  ///

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S INTERROGATORIES, SET ONE

**INTERROGATORY NO. 16:**

Identify any and all documents related to the storage of the inventory provided by Viva to Lief.

**RESPONSE TO INTERROGATORY NO. 16:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 17:**

Identify any and all documents related to tracking the inventory provided by Viva to Lief.

**RESPONSE TO INTERROGATORY NO. 17:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 18:**

Identify any and all documents related to the use of the inventory provided by Viva to Lief in the manufacturing process of the Products.

**RESPONSE TO INTERROGATORY NO. 18:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

**INTERROGATORY NO. 19:**

Identify any all documents related to the quality control of the inventory provided by Viva, and of the Products that were manufactured, sold or distributed by Lief.

**RESPONSE TO INTERROGATORY NO. 19:**

To the extent any such information exists, Lief will produce the requested documents in accordance with FRCP 33(d).

///

**INTERROGATORY NO. 20:**

Identify every person involved in tracking and managing the storage of the inventory provided by Viva to Lief.

**RESPONSE TO INTERROGATORY NO. 20:**

To the extent any such information exists, Lief will produce the documents that evidence such information in accordance with FRCP 33(d).

**INTERROGATORY NO. 21:**

Identify every person involved in the manufacture of the Products.

**RESPONSE TO INTERROGATORY NO. 21:**

To the extent any such information exists, Lief will produce the documents that evidence such information. in accordance with FRCP 33(d).

**INTERROGATORY NO. 22:**

Identify every person entrusted with ensuring the Products were manufactured in accordance with the specifications provided by Viva, and in accordance with Good Manufacturing Practices.

**RESPONSE TO INTERROGATORY NO. 22:**

To the extent any such information exists, Lief will produce the documents that evidence such information in accordance with FRCP 33(d).

Dated:     March 19. 2021          **WILSON TURNER KOSMO LLP**

By:     /s/_____
          FREDERICK W. KOSMO, JR.
          HUBERT KIM
          Attorneys for Defendant and Counter-Claimant
          LIEF ORGANICS, LLC

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S INTERROGATORIES, SET ONE

1  WILSON TURNER KOSMO LLP
   FREDERICK W. KOSMO, JR. (138036)
2  HUBERT KIM (204957)
   402 West Broadway, Suite 1600
3  San Diego, California  92101
   Telephone:  (619) 236-9600
4  Facsimile:  (619) 236-9669
   E-mail:  fkosmo@wilsonturnerkosmo.com
5  E-mail:  hkim@wilsonturnerkosmo.com

6  Attorneys for Defendant and Counter-Claimant
   LIEF ORGANICS, LLC
7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  Viva Naturals, Inc.,                  Case No. 2:20-cv-03107-RGK-AFM

13              Plaintiffs,               **PROOF OF SERVICE**

14         v.                             Complaint Filed:  June 17, 2020

15  Lief Organics, L.L.C.,
                                          District Judge:    Hon. R. Gary Klausner
16              Defendants.               Courtroom: 850, 8th Floor

17                                        Magistrate Judge: Hon. Alexander F.
                                          MacKinnon
18                                        Courtroom: #780, 7th Floor

19                                        Trial Date:Not Set

20

21         I am employed with the law firm of WILSON TURNER KOSMO LLP, whose

22  address is 402 West Broadway, Suite 1600, San Diego, California 92101.  I am over

23  the age of eighteen and I am not a party to this action.

24         On March 19, 2021, I served the following document(s), bearing the title(s):

25     1.   **LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA
              NATURALS, INC.'S INTERROGATORIES, SET ONE and**
26
       2.   **LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA
27            NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE**

28  on the following parties in the manner indicated below.

                              -1-       Case No. 2:20-cv-03107-RGK-AFM

| | |
|---|---|
| 1 | James K. Schultz, Esq. (SBN 309945) |
| 2 | Debbie P. Kirkpatrick, Esq. (SBN 207112) |
| | SESSIONS ISRAEL & SHARTLE, LLP |
| 3 | 1545 Hotel Circle South, Suite 150 |
| 4 | San Diego, CA 92108 |
| | Telephone: (619) 758-1891 |
| 5 | Facsimile: (619) 296-2013 |
| 6 | Email: jschultz@sessions.legal |
| | Email: dkirkpatrick@sessions.legal |
| 7 | |
| 8 | *Attorneys for Plaintiff Viva Naturals, Inc.* |

9
10
11
12
13

☐ **BY UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14
15
16
17

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

17
18

☒ **BY ELECTRONIC SERVICE -** Based on an agreement of the parties to accept service by e mail, I caused the documents to be sent to the persons as listed above and directed to the email address above.

19
20

☒ I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

21      Executed on March 19, 2021, at San Diego, California.

22
23
24
25                              _____
                                Mona C. Jones
26
27
28

Exhibit C

1  WILSON TURNER KOSMO LLP
   FREDERICK W. KOSMO, JR. (138036)
2  HUBERT KIM (204957)
   402 West Broadway, Suite 1600
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   E-mail: fkosmo@wilsonturnerkosmo.com
5  E-mail: hkim@wilsonturnerkosmo.com

6  Attorneys for Defendant and Counter-Claimant
   LIEF ORGANICS, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11 | Viva Naturals, Inc.,                    | Case No. 2:20-cv-03107-RGK-AFM
12 |          Plaintiffs,                    | **LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE**
13 |          v.                             |
14 | Lief Organics, LLC,                     |
15 |          Defendant.                     | First Amended Complaint Filed: June 17, 2020
16 |                                         | District Judge: Hon. R. Gary Klausner
   |                                         | Courtroom:      850, 8th Floor
17 |                                         |
18 |                                         | Magistrate Judge:      Hon. Alexander F. MacKinnon
19 |                                         | Courtroom:      #780, 7th Floor
20 |                                         | Trial Date:      Not Set
21 | And Related Counterclaims               |
22 |                                         |

23 PROPOUNDING PARTY:     VIVA NATURALS, INC.

24 RESPONDING PARTY:     LIEF ORGANICS, LLC

25 SET NUMBER:     ONE

26

27 ///

28
                                        Case No. 2:20-cv-03107-RGK-AFM

1    Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counter-
2    Claimant LIEF ORGANICS, LLC (hereinafter "Lief" or "Responding Party")
3    responds to Plaintiff and Counter-Defendant VIVA NATURALS, INC. ("Plaintiff")
4    Request for Production, Set One, as follows:

5                          **PRELIMINARY STATEMENT**

6          Responding Party has attempted in good faith to respond to these Requests,
7    pursuant to Rule 34 of the Federal Rules of Civil Procedure.  These responses are
8    made solely for the purposes of this litigation.  These responses represent Responding
9    Party's diligent and best efforts to respond to Plaintiff's inspection demand based on
10   the investigation Responding Party has conducted thus far.  There may exist further
11   documents responsive to this demand that are not within Responding Party's present
12   knowledge or reasonably available to this party.  Documents may exist relating to the
13   subject matter of written discovery which Responding Party has not yet located,
14   identified or reviewed, despite its best efforts to do so.  Responding Party specifically
15   reserves its right to contest the admissibility at trial of the documents included in the
16   production and/or of the contents of such documents included in the production.

17         Responding Party also objects generally and specifically to this Request to the
18   extent it seeks disclosure of documents protected by the attorney work-product
19   doctrine, the attorney-client privilege and/or the trade secret or proprietary
20   information privilege or invades the privacy rights of any entity or person.  All
21   responses provided below are subject to and without prejudice to these and any other
22   applicable objections, including objections previously made in this action.

23         This Preliminary Statement is hereby incorporated by reference into each of the
24   responses provided below.

25
26
27   ///
28   ///

                                    -2-     Case No. 2:20-cv-03107-RGK-AFM

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all documents that support your allegations in the Answer and Counterclaim, and any and all documents not produced in response to any other request that support the claims that Lief asserted or intends to assert in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Lief objects to this Request on the basis that it seeks "any and all documents," because such a request is not proportional to the needs of the case and is overly broad and unduly burdensome. Lief will therefore produce on a rolling basis all responsive, non-privileged documents that it intends to rely on in support of its claims against Plaintiff.

Lief further objects to this Request, because it seeks commercially sensitive and proprietary information, the disclosure of which could result in a competitive harm to Lief. Lief will therefore only produce the documents responsive to this Request upon the entry of a mutually acceptable Protective Order.

Lief further objects to this Request on the basis that it seeks documents and communications protected from disclosure by the attorney-client privilege, attorney work-product privilege, or a related privilege. Lief will not produce any document that is protected from disclosure on the basis of the attorney-client privilege, attorney work-product privilege, or a related privilege.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all documents that support the factual basis and amount of all damages Lief claims to have suffered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Lief objects to this Request on the basis that it seeks "any and all documents," because such a request is not proportional to the needs of the case and is overly broad and unduly burdensome. Lief will therefore produce on a rolling basis all responsive,

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1  non-privileged documents that it intends to rely on in support of its claims for

2  damages against Plaintiff.

3       Lief further objects to this Request, because it seeks commercially sensitive and

4  proprietary information, the disclosure of which could result in a competitive harm to

5  Lief.  Lief will therefore only produce the documents responsive to this Request upon

6  the entry of a mutually acceptable Protective Order.

7       Lief further objects to this Request on the basis that it seeks documents and

8  communications protected from disclosure by the attorney-client privilege, attorney

9  work-product privilege, or a related privilege.  Lief will not produce any document

10 that is protected from disclosure on the basis of the attorney-client privilege, attorney

11 work-product privilege, or a related privilege.

12 **REQUEST FOR PRODUCTION NO. 3:**

13      Produce all documents identified in, or used or reviewed in, preparing your

14 response to the Interrogatories.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

16      Lief objects to this Request on the basis that it seeks "all documents" used or

17 reviewed in preparing its responses to Plaintiff's Interrogatories, because such a

18 request is not proportional to the needs of the case and is overly broad and unduly

19 burdensome.  Lief will therefore produce on a rolling basis all responsive, non-

20 privileged documents that it has identified in its responses to Plaintiff's

21 Interrogatories.

22      Lief further objects to this Request, because it seeks commercially sensitive and

23 proprietary information, the disclosure of which could result in a competitive harm to

24 Lief.  Lief will therefore only produce the documents responsive to this Request upon

25 the entry of a mutually acceptable Protective Order.

26

27

28 ///

-4-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1  Lief further objects to this Request on the basis that it seeks documents and
2  communications protected from disclosure by the attorney-client privilege, attorney
3  work-product privilege, or a related privilege.  Lief will not produce any document
4  that is protected from disclosure on the basis of the attorney-client privilege, attorney
5  work-product privilege, or a related privilege.

6  **REQUEST FOR PRODUCTION NO. 4:**

7  Produce all documents Lief sent to, or shared with, any third-party pertaining to
8  the allegations in the Complaint, Answer and Counterclaim, or otherwise relating to
9  this case.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

11  Lief objects to this Request on the basis that it seeks "all documents" exchanged
12  with third parties "pertaining to" or "otherwise relating to this case," because such a
13  request is not proportional to the needs of the case and is overly broad and unduly
14  burdensome.  Lief will therefore produce on a rolling basis all responsive, non-
15  privileged documents that it has exchanged with third parties that evidence the
16  allegations in the Complaint or Answer and Counterclaim.

17  Lief further objects to this Request, because it seeks commercially sensitive and
18  proprietary information, the disclosure of which could result in a competitive harm to
19  Lief.  Lief will therefore only produce the documents responsive to this Request upon
20  the entry of a mutually acceptable Protective Order.

21  Lief further objects to this Request on the basis that it seeks documents and
22  communications protected from disclosure by the attorney-client privilege, attorney
23  work-product privilege, or a related privilege.  Lief will not produce any document
24  that is protected from disclosure on the basis of the attorney-client privilege, attorney
25  work-product privilege, or a related privilege.

26

27

28  ///

-5-      Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 5:**

Produce any all documents referring to, or relating to, any agreements or contracts between Viva and Lief pertaining to the Products and claims at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Lief objects to this Request on the basis that it seeks "all documents referring to, or relating to" the identified agreements or contracts, because such a request is not proportional to the needs of the case and is overly broad and unduly burdensome. Lief will therefore produce on a rolling basis all responsive, non-privileged documents that evidence the terms of or the performance of the identified agreements or contracts.

Lief further objects to this Request, because it seeks commercially sensitive and proprietary information, the disclosure of which could result in a competitive harm to Lief. Lief will therefore only produce the documents responsive to this Request upon the entry of a mutually acceptable Protective Order.

Lief further objects to this Request on the basis that it seeks documents and communications protected from disclosure by the attorney-client privilege, attorney work-product privilege, or a related privilege. Lief will not produce any document that is protected from disclosure on the basis of the attorney-client privilege, attorney work-product privilege, or a related privilege.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all documents relating to any communications between Viva and Lief concerning the agreements between the parties and/or pertaining to the Products and claims at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Lief objects to this Request on the basis that it is duplicative of Request No. 5. Lief further objects to this Request on the basis that it seeks "any and all documents related to any communications" between the parties related to agreements or the Products, because such a request is not proportional to the needs of the case and is

-6-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1 overly broad and unduly burdensome. Lief will therefore produce on a rolling basis

2 all responsive, non-privileged documents that evidence the terms of or the

3 performance of the identified agreements. Lief will also produce documents

4 pertaining to the Products sufficient to evidence the allegations in Lief's Answer and

5 Counterclaims and sufficient to refute the allegations in Viva's Complaint.

6          Lief further objects to this Request, because it seeks commercially sensitive and

7 proprietary information, the disclosure of which could result in a competitive harm to

8 Lief. Lief will therefore only produce the documents responsive to this Request upon

9 the entry of a mutually acceptable Protective Order.

10         Lief further objects to this Request on the basis that it seeks documents and

11 communications protected from disclosure by the attorney-client privilege, attorney

12 work-product privilege, or a related privilege. Lief will not produce any document

13 that is protected from disclosure on the basis of the attorney-client privilege, attorney

14 work-product privilege, or a related privilege.

15 **REQUEST FOR PRODUCTION NO. 7:**

16         Produce any internal communications referring to, or relating to, any

17 agreements between Lief and Viva.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

19         Lief objects to this Request on the basis that it seeks "any internal

20 communications" related to agreements between the parties, because such a request is

21 not proportional to the needs of the case and is overly broad and unduly burdensome.

22 Lief will therefore produce on a rolling basis all responsive, non-privileged documents

23 that evidence the terms of or the performance of the identified agreements.

24         Lief further objects to this Request, because it seeks commercially sensitive and

25 proprietary information, the disclosure of which could result in a competitive harm to

26 Lief. Lief will therefore only produce the documents responsive to this Request upon

27 the entry of a mutually acceptable Protective Order.

28
                              -7-     Case No. 2:20-cv-03107-RGK-AFM
         LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
                  INC.'S REQUEST FOR PRODUCTION, SET ONE

1   Lief further objects to this Request on the basis that it seeks documents and
2   communications protected from disclosure by the attorney-client privilege, attorney
3   work-product privilege, or a related privilege.  Lief will not produce any document
4   that is protected from disclosure on the basis of the attorney-client privilege, attorney
5   work-product privilege, or a related privilege.

6   **REQUEST FOR PRODUCTION NO. 8:**

7   Produce any and all documents relating to any communications between Viva
8   and Lief concerning the specifications of the Products manufactured, sold or
9   distributed under the agreement between the parties.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11  Lief objects this Request on the basis that it is duplicative of Request No. 6; it is
12  therefore unduly burdensome and unduly cumulative.

13  Lief further objects to this Request, because it seeks commercially sensitive and
14  proprietary information, the disclosure of which could result in a competitive harm to
15  Lief.  Lief will therefore only produce the documents responsive to this Request upon
16  the entry of a mutually acceptable Protective Order.

17  Lief further objects to this Request on the basis that it seeks documents and
18  communications protected from disclosure by the attorney-client privilege, attorney
19  work-product privilege, or a related privilege.  Lief will not produce any document
20  that is protected from disclosure on the basis of the attorney-client privilege, attorney
21  work-product privilege, or a related privilege.

22  **REQUEST FOR PRODUCTION NO. 9:**

23  Produce any and all documents relating to any communications between Viva
24  and Lief concerning the different forms of chicken collagen (powder or granular).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

26  Lief objects this Request on the basis that it is duplicative of Request No. 6; it is
27  therefore unduly burdensome and unduly cumulative.

28

-8-   Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1　　　　Lief further objects to this Request, because it seeks commercially sensitive and
2　proprietary information, the disclosure of which could result in a competitive harm to
3　Lief.  Lief will therefore only produce the documents responsive to this Request upon
4　the entry of a mutually acceptable Protective Order.

5　　　　Lief further objects to this Request on the basis that it seeks documents and
6　communications protected from disclosure by the attorney-client privilege, attorney
7　work-product privilege, or a related privilege.  Lief will not produce any document
8　that is protected from disclosure on the basis of the attorney-client privilege, attorney
9　work-product privilege, or a related privilege.

10　**REQUEST FOR PRODUCTION NO. 10:**

11　　　　Produce any and all documents relating to any policies, procedures and/or
12　guidelines governing the quality, components or ingredients of the Products
13　distributed or sold under the agreement.

14　**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15　　　　Lief objects to this Request on the basis that it seeks "any and all documents
16　relating to" the identified policies, procedures, or guidelines, because such a request is
17　not proportional to the needs of the case and is overly broad and unduly burdensome.
18　Lief will therefore produce on a rolling basis all responsive, non-privileged documents
19　that evidence the terms of any such policies, procedures, or guidelines.

20　　　　Lief further objects to this Request, because it seeks commercially sensitive and
21　proprietary information, the disclosure of which could result in a competitive harm to
22　Lief.  Lief will therefore only produce the documents responsive to this Request upon
23　the entry of a mutually acceptable Protective Order.

24　　　　Lief further objects to this Request on the basis that it seeks documents and
25　communications protected from disclosure by the attorney-client privilege, attorney
26　work-product privilege, or a related privilege.  Lief will not produce any document

27

28

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1 | that is protected from disclosure on the basis of the attorney-client privilege, attorney

2 | work-product privilege, or a related privilege.

3 | **REQUEST FOR PRODUCTION NO. 11:**

4 | Produce any and all documents relating to any communications between Lief

5 | and any person or entity, other than your legal counsel, concerning Lief, the subject

6 | matter of this action, and/or the claims or defences asserted in this action.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8 | Lief objects to this Request on the basis that it is duplicative of Request No. 4;

9 | it is therefore unduly burdensome and unduly cumulative.

10 | Lief further objects to this Request, because it seeks commercially sensitive and

11 | proprietary information, the disclosure of which could result in a competitive harm to

12 | Lief. Lief will therefore only produce the documents responsive to this Request upon

13 | the entry of a mutually acceptable Protective Order.

14 | **REQUEST FOR PRODUCTION NO. 12:**

15 | Produce any and all documents referring to Lief's compliance with Good

16 | Manufacturing Practices in its storing, manufacturing, and distributing of products.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18 | Lief objects to this Request on the basis that it seeks "any and all documents

19 | referring to" the identified topic, because such a request is not proportional to the

20 | needs of the case and is overly broad and unduly burdensome. Lief will therefore

21 | produce on a rolling basis all responsive, non-privileged documents that evidence

22 | Lief's compliance with Good Manufacturing Practices.

23 | Lief further objects to this Request, because it seeks commercially sensitive and

24 | proprietary information, the disclosure of which could result in a competitive harm to

25 | Lief. Lief will therefore only produce the documents responsive to this Request upon

26 | the entry of a mutually acceptable Protective Order.

27 |

28 | ///

-10-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1  Lief further objects to this Request on the basis that it seeks documents and
2  communications protected from disclosure by the attorney-client privilege, attorney
3  work-product privilege, or a related privilege.  Lief will not produce any document
4  that is protected from disclosure on the basis of the attorney-client privilege, attorney
5  work-product privilege, or a related privilege.

6  **REQUEST FOR PRODUCTION NO. 13:**

7  Produce any and all documents pertaining to the specifications in which Viva
8  bulk designated the chicken collagen ingredients as Grade A, as alleged in paragraph
9  11 of the Counterclaim.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11  Lief objects to this Request on the basis that it seeks "any and all documents
12  pertaining to" the identified allegation, because such a request is not proportional to
13  the needs of the case and is overly broad and unduly burdensome.  Lief will therefore
14  produce on a rolling basis all responsive, non-privileged documents that evidence the
15  identified allegation.

16  Lief further objects to this Request, because it seeks commercially sensitive and
17  proprietary information, the disclosure of which could result in a competitive harm to
18  Lief.  Lief will therefore only produce the documents responsive to this Request upon
19  the entry of a mutually acceptable Protective Order.

20  Lief further objects to this Request on the basis that it seeks documents and
21  communications protected from disclosure by the attorney-client privilege, attorney
22  work-product privilege, or a related privilege.  Lief will not produce any document
23  that is protected from disclosure on the basis of the attorney-client privilege, attorney
24  work-product privilege, or a related privilege.

25  **REQUEST FOR PRODUCTION NO. 14:**

26  Produce the purchase orders for products in October 2017, June 2018 and July
27  2018 which did not specify whether a particular form of chicken material, granular or

28

-11-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1  powder, should be used for the different products, as alleged in paragraph 12 of the

2  Counterclaim.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

4  　　Lief will produce the purchase orders that support the allegation identified in

5  Paragraph 12 of the Counterclaim.

6  **REQUEST FOR PRODUCTION NO. 15:**

7  　　Produce the purchase orders using the chicken collagen from November and

8  December 2018 which were moved forward but then cancelled, as alleged in

9  paragraph 13 of the Counterclaim.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11  　　Lief will produce the purchase orders that support the allegation identified in

12  Paragraph 13 of the Counterclaim.

13  **REQUEST FOR PRODUCTION NO. 16:**

14  　　Produce any and all documents pertaining to the shipment of two forms of

15  chicken collagen, granular and powder, from Semnl Biotechnology in January 2019

16  that were sent on the same pallet and not segregated from each other, as alleged in

17  paragraph 14 of the Counterclaim.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

19  　　Lief objects to this Request on the basis that it seeks "any and all documents

20  pertaining to" the identified allegation, because such a request is not proportional to

21  the needs of the case and is overly broad and unduly burdensome.  Lief will therefore

22  produce on a rolling basis all responsive, non-privileged documents that evidence the

23  identified allegation.

24  　　Lief further objects to this Request, because it seeks commercially sensitive and

25  proprietary information, the disclosure of which could result in a competitive harm to

26  Lief.  Lief will therefore only produce the documents responsive to this Request upon

27  the entry of a mutually acceptable Protective Order.

28

-12-　　Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1  Lief further objects to this Request on the basis that it seeks documents and

2  communications protected from disclosure by the attorney-client privilege, attorney

3  work-product privilege, or a related privilege.  Lief will not produce any document

4  that is protected from disclosure on the basis of the attorney-client privilege, attorney

5  work-product privilege, or a related privilege.

6  **REQUEST FOR PRODUCTION NO. 17:**

7  Produce any and all documents pertaining to the communications where Lief

8  confirmed with Viva that two different forms of chicken collagen were sent, as alleged

9  in paragraph 15 of the Counterclaim.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

11 Lief objects to this Request on the basis that it seeks "any and all documents

12 pertaining to" the identified allegation, because such a request is not proportional to

13 the needs of the case and is overly broad and unduly burdensome.  Lief will therefore

14 produce on a rolling basis all responsive, non-privileged documents that evidence the

15 identified allegation.

16 Lief further objects to this Request, because it seeks commercially sensitive and

17 proprietary information, the disclosure of which could result in a competitive harm to

18 Lief.  Lief will therefore only produce the documents responsive to this Request upon

19 the entry of a mutually acceptable Protective Order.

20 Lief further objects to this Request on the basis that it seeks documents and

21 communications protected from disclosure by the attorney-client privilege, attorney

22 work-product privilege, or a related privilege.  Lief will not produce any document

23 that is protected from disclosure on the basis of the attorney-client privilege, attorney

24 work-product privilege, or a related privilege.

25 **REQUEST FOR PRODUCTION NO. 18:**

26 Produce any and all documents pertaining to Lief manually separating two

27 different forms of chicken collagen (powdered and granular) and creating an

28

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1  additional code to differentiate the two forms, as alleged in paragraph 15 of the

2  Counterclaim.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

4        Lief objects to this Request on the basis that it seeks "any and all documents

5  pertaining to" the identified allegation, because such a request is not proportional to

6  the needs of the case and is overly broad and unduly burdensome.  Lief will therefore

7  produce on a rolling basis all responsive, non-privileged documents that evidence the

8  identified allegation.

9        Lief further objects to this Request, because it seeks commercially sensitive and

10  proprietary information, the disclosure of which could result in a competitive harm to

11  Lief.  Lief will therefore only produce the documents responsive to this Request upon

12  the entry of a mutually acceptable Protective Order.

13        Lief further objects to this Request on the basis that it seeks documents and

14  communications protected from disclosure by the attorney-client privilege, attorney

15  work-product privilege, or a related privilege.  Lief will not produce any document

16  that is protected from disclosure on the basis of the attorney-client privilege, attorney

17  work-product privilege, or a related privilege.

18  **REQUEST FOR PRODUCTION NO. 19:**

19        Produce any and all documents pertaining to Lief's communication to Viva that

20  the different forms of collagen, granular and powder, were being manually separated.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

22        Lief objects to this Request on the basis that it seeks "any and all documents

23  pertaining to" the identified communication, because such a request is not

24  proportional to the needs of the case and is overly broad and unduly burdensome.  Lief

25  will therefore produce on a rolling basis all responsive, non-privileged documents that

26  evidence the identified communication.

27

28

-14-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1   Lief further objects to this Request, because it seeks commercially sensitive and
2   proprietary information, the disclosure of which could result in a competitive harm to
3   Lief. Lief will therefore only produce the documents responsive to this Request upon
4   the entry of a mutually acceptable Protective Order.

5   Lief further objects to this Request on the basis that it seeks documents and
6   communications protected from disclosure by the attorney-client privilege, attorney
7   work-product privilege, or a related privilege. Lief will not produce any document
8   that is protected from disclosure on the basis of the attorney-client privilege, attorney
9   work-product privilege, or a related privilege.

10  **REQUEST FOR PRODUCTION NO. 20:**

11  Produce Viva's New Product Request Quote which does not specify granular or
12  powder material, but only states Grade A chicken, as alleged in paragraph 17 of the
13  Counterclaim.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15  Lief will produce New Product Request Quote that supports the allegation
16  identified in Paragraph 17 of the Counterclaim.

17  **REQUEST FOR PRODUCTION NO. 21:**

18  Produce any and all documents which show that Lief followed Good
19  Manufacturing Practice standards when it manufactured all of Viva's products, as
20  alleged in paragraph 18 of the Counterclaim.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22  Lief objects to this Request on the basis that it seeks "any and all documents
23  which show" the identified allegation, because such a request is not proportional to the
24  needs of the case and is overly broad and unduly burdensome. Lief will therefore
25  produce on a rolling basis all responsive, non-privileged documents that evidence the
26  identified allegation in Paragraph 18 of the Counterclaim.

27

28

-15-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

1       Lief further objects to this Request, because it seeks commercially sensitive and

2  proprietary information, the disclosure of which could result in a competitive harm to

3  Lief.  Lief will therefore only produce the documents responsive to this Request upon

4  the entry of a mutually acceptable Protective Order.

5       Lief further objects to this Request on the basis that it seeks documents and

6  communications protected from disclosure by the attorney-client privilege, attorney

7  work-product privilege, or a related privilege.  Lief will not produce any document

8  that is protected from disclosure on the basis of the attorney-client privilege, attorney

9  work-product privilege, or a related privilege.

10  **REQUEST FOR PRODUCTION NO. 22:**

11       Produce any and all documents which show that Lief produced all products for

12  Viva within Viva's specifications for each product, as alleged in paragraph 18 of the

13  Counterclaim.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

15       Lief objects to this Request on the basis that it seeks "any and all documents

16  which show" the identified allegation, because such a request is not proportional to the

17  needs of the case and is overly broad and unduly burdensome.  Lief will therefore

18  produce on a rolling basis all responsive, non-privileged documents that evidence the

19  identified allegation in Paragraph 18 of the Counterclaim.

20       Lief further objects to this Request, because it seeks commercially sensitive and

21  proprietary information, the disclosure of which could result in a competitive harm to

22  Lief.  Lief will therefore only produce the documents responsive to this Request upon

23  the entry of a mutually acceptable Protective Order.

24       Lief further objects to this Request on the basis that it seeks documents and

25  communications protected from disclosure by the attorney-client privilege, attorney

26  work-product privilege, or a related privilege.  Lief will not produce any document

27

28                  -16-    Case No. 2:20-cv-03107-RGK-AFM

1    that is protected from disclosure on the basis of the attorney-client privilege, attorney

2    work-product privilege, or a related privilege.

3    **REQUEST FOR PRODUCTION NO. 23:**

4         Produce any and all documents which relate to testing of the final Products

5    manufactured by Lief.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7         Lief objects to this Request on the basis that it seeks "any and all documents

8    which related to" the identified topic, because such a request is not proportional to the

9    needs of the case and is overly broad and unduly burdensome.  Lief will therefore

10   produce on a rolling basis all responsive, non-privileged documents that evidence

11   Lief's testing of the identified Products.

12        Lief further objects to this Request, because it seeks commercially sensitive and

13   proprietary information, the disclosure of which could result in a competitive harm to

14   Lief.  Lief will therefore only produce the documents responsive to this Request upon

15   the entry of a mutually acceptable Protective Order.

16        Lief further objects to this Request on the basis that it seeks documents and

17   communications protected from disclosure by the attorney-client privilege, attorney

18   work-product privilege, or a related privilege.  Lief will not produce any document

19   that is protected from disclosure on the basis of the attorney-client privilege, attorney

20   work-product privilege, or a related privilege.

21   **REQUEST FOR PRODUCTION NO. 24:**

22        Produce any and all outstanding purchase orders for finished product which

23   Viva has allegedly failed to pay Lief for, and any and all documents pertaining to the

24   calculation of damages for unpaid invoices, as alleged in paragraph 19 of the

25   Counterclaim.

26

27

28   ///

-17-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Lief will produce the purchaser orders that supports the allegation identified in Paragraph 19 of the Counterclaim.

**REQUEST FOR PRODUCTION NO. 25:**

Produce any and all documents pertaining to the calculation of damages sustained by Lief for storage as assessed in paragraph 20 of the Counterclaim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Lief objects to this Request on the basis that it is duplicative of Request No. 2; it is therefore unduly burdensome and unduly cumulative. Lief further objects to this Request on the basis that it seeks "any and all documents pertaining" to the identified calculation, because such a request is not proportional to the needs of the case and is overly broad and unduly burdensome. Lief will therefore produce on a rolling basis all responsive, non-privileged documents that it intends to rely on in support of its calculation of damages in Paragraph 20 of the Counterclaim.

Lief further objects to this Request, because it seeks commercially sensitive and proprietary information, the disclosure of which could result in a competitive harm to Lief. Lief will therefore only produce the documents responsive to this Request upon the entry of a mutually acceptable Protective Order.

Lief further objects to this Request on the basis that it seeks documents and communications protected from disclosure by the attorney-client privilege, attorney work-product privilege, or a related privilege. Lief will not produce any document that is protected from disclosure on the basis of the attorney-client privilege, attorney work-product privilege, or a related privilege.

**REQUEST FOR PRODUCTION NO. 26:**

Produce any and all documents showing that Viva failed to pay for services rendered and products manufactured, and any and all documents pertaining to the calculation of damages alleged in paragraph 23 of the Counterclaim.

-18-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

2  Lief objects to this Request on the basis that it seeks "any and all documents

3  showing" the identified allegations, because such a request is not proportional to the

4  needs of the case and is overly broad and unduly burdensome.  Lief will therefore

5  produce on a rolling basis all responsive, non-privileged documents that evidence the

6  identified allegations in Paragraph 23 of the Counterclaim.  Lief further objects to this

7  Request on the basis that it seeks "any and all documents pertaining" to the identified

8  calculation, because such a request is not proportional to the needs of the case and is

9  overly broad and unduly burdensome.  Lief will therefore produce on a rolling basis

10  all responsive, non-privileged documents that it intends to rely on in support of its

11  calculation of damages in Paragraph 23 of the Counterclaim.

12  Lief further objects to this Request, because it seeks commercially sensitive and

13  proprietary information, the disclosure of which could result in a competitive harm to

14  Lief.  Lief will therefore only produce the documents responsive to this Request upon

15  the entry of a mutually acceptable Protective Order.

16  Lief further objects to this Request on the basis that it seeks documents and

17  communications protected from disclosure by the attorney-client privilege, attorney

18  work-product privilege, or a related privilege.  Lief will not produce any document

19  that is protected from disclosure on the basis of the attorney-client privilege, attorney

20  work-product privilege, or a related privilege.

21  **REQUEST FOR PRODUCTION NO. 27:**

22  Produce any and all documents Lief intends to rely on which shows that Viva

23  has sold and profited from the product at issue that was manufactured by Lief, as

24  alleged in paragraph 25 of the Counterclaim.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

26  Lief will produce the documents that it intends to rely on in support of the

27  identified allegation in Paragraph 25 of the Counterclaim.

28

-19-    Case No. 2:20-cv-03107-RGK-AFM

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1  Lief further objects to this Request, because it seeks commercially sensitive and
2  proprietary information, the disclosure of which could result in a competitive harm to
3  Lief.  Lief will therefore only produce the documents responsive to this Request upon
4  the entry of a mutually acceptable Protective Order.

5  Lief further objects to this Request on the basis that it seeks documents and
6  communications protected from disclosure by the attorney-client privilege, attorney
7  work-product privilege, or a related privilege.  Lief will not produce any document
8  that is protected from disclosure on the basis of the attorney-client privilege, attorney
9  work-product privilege, or a related privilege.

10  **REQUEST FOR PRODUCTION NO. 28:**

11  Produce any and all documents relating or referring to any admissions made by
12  a party to this action.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

14  Lief objects to this Request on the basis that it seeks "any and all documents
15  relating or referring" to the identified admissions, because such a request is not
16  proportional to the needs of the case and is overly broad and unduly burdensome.  Lief
17  will therefore produce on a rolling basis all responsive, non-privileged documents that
18  evidence any such admissions.

19  Lief further objects to this Request, because it seeks commercially sensitive and
20  proprietary information, the disclosure of which could result in a competitive harm to
21  Lief.  Lief will therefore only produce the documents responsive to this Request upon
22  the entry of a mutually acceptable Protective Order.

23  Lief further objects to this Request on the basis that it seeks documents and
24  communications protected from disclosure by the attorney-client privilege, attorney
25  work-product privilege, or a related privilege.  Lief will not produce any document
26  that is protected from disclosure on the basis of the attorney-client privilege, attorney
27  work-product privilege, or a related privilege.

28

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
INC.'S REQUEST FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 29:**

Produce any and all documents relating to any statements against interest made by a party to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Lief objects to this Request on the basis that it seeks "any and all documents relating or" to the identified statements, because such a request is not proportional to the needs of the case and is overly broad and unduly burdensome.  Lief will therefore produce on a rolling basis all responsive, non-privileged documents that evidence any such statements.

Lief further objects to this Request, because it seeks commercially sensitive and proprietary information, the disclosure of which could result in a competitive harm to Lief.  Lief will therefore only produce the documents responsive to this Request upon the entry of a mutually acceptable Protective Order.

Lief further objects to this Request on the basis that it seeks documents and communications protected from disclosure by the attorney-client privilege, attorney work-product privilege, or a related privilege.  Lief will not produce any document that is protected from disclosure on the basis of the attorney-client privilege, attorney work-product privilege, or a related privilege.

**REQUEST FOR PRODUCTION NO. 30:**

Produce any and all documents that you intend to introduce as exhibits at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Lief objects to this Request on the basis it is premature and purports to require Lief to identify and produce its trial exhibits before the conclusion of discovery and in advance of any final pre-trial order.  Lief will identify its trial exhibits in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE

1  Lief further objects to this Request, because it seeks commercially sensitive and

2  proprietary information, the disclosure of which could result in a competitive harm to

3  Lief. Lief will therefore only produce the documents responsive to this Request upon

4  the entry of a mutually acceptable Protective Order.

5  **REQUEST FOR PRODUCTION NO. 31:**

6  Produce any and all documents relating or referring to any reports from persons

7  you intend to call as expert witnesses at this trial of this matter, as well as the

8  curriculum vitae of each expert.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

10  Lief objects to this Request on the basis that it is premature and purports to

11  require Lief to identify and produce documents related to its expert witnesses in

12  advance of the deadline for doing so as entered by the Court in its Scheduling Order

13  and in contradiction to the Federal Rules of Civil Procedure. Lief will produce the

14  curriculum vitae of any such experts in accordance with the Court's Scheduling Order

15  and the Federal Rules of Civil Procedure.

16  Lief further objects to this Request, because it seeks commercially sensitive and

17  proprietary information, the disclosure of which could result in a competitive harm to

18  Lief. Lief will therefore only produce the documents responsive to this Request upon

19  the entry of a mutually acceptable Protective Order.

20  Lief further objects to this Request on the basis that it seeks "any and all

21  documents relating or referring to any reports" from the identified experts, because

22  such a request is not proportional to the needs of the case and is overly broad and

23  unduly burdensome. Lief will therefore produce the documents relied upon by any

24  such experts in accordance with the Court's Scheduling Order and the Federal Rules

25  of Civil Procedure.

26

27

28  ///

-22-    Case No. 2:20-cv-03107-RGK-AFM

1    Lief further objects to this Request on the basis that it seeks documents and

2   communications protected from disclosure by the attorney-client privilege, attorney

3   work-product privilege, or a related privilege.  Lief will not produce any document

4   that is protected from disclosure on the basis of the attorney-client privilege, attorney

5   work-product privilege, or a related privilege.

6

7   Dated:    March 19. 2021          **WILSON TURNER KOSMO LLP**

8

9

10                         By:    /s/

11                                FREDERICK W. KOSMO, JR.
                                   HUBERT KIM
12                                Attorneys for Defendant and Counter-Claimant
                                   LIEF ORGANICS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          -23-    Case No. 2:20-cv-03107-RGK-AFM
        LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS,
                   INC.'S REQUEST FOR PRODUCTION, SET ONE

WILSON TURNER KOSMO LLP
FREDERICK W. KOSMO, JR. (138036)
HUBERT KIM (204957)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone:  (619) 236-9600
Facsimile:  (619) 236-9669
E-mail:  fkosmo@wilsonturnerkosmo.com
E-mail:  hkim@wilsonturnerkosmo.com

Attorneys for Defendant and Counter-Claimant
LIEF ORGANICS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Viva Naturals, Inc., | Case No. 2:20-cv-03107-RGK-AFM |
| Plaintiffs, | **PROOF OF SERVICE** |
| v. | Complaint Filed:  June 17, 2020 |
| Lief Organics, L.L.C., | District Judge:   Hon. R. Gary Klausner |
| Defendants. | Courtroom: 850, 8th Floor |
| | Magistrate Judge: Hon. Alexander F. MacKinnon |
| | Courtroom: #780, 7th Floor |
| | Trial Date:Not Set |

I am employed with the law firm of WILSON TURNER KOSMO LLP, whose address is 402 West Broadway, Suite 1600, San Diego, California 92101.  I am over the age of eighteen and I am not a party to this action.

On March 19, 2021, I served the following document(s), bearing the title(s):

**1.     LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S INTERROGATORIES, SET ONE and**

**2.     LIEF ORGANICS, LLC'S RESPONSES TO PLAINTIFF VIVA NATURALS, INC.'S REQUEST FOR PRODUCTION, SET ONE**

on the following parties in the manner indicated below.

-1-                Case No. 2:20-cv-03107-RGK-AFM

James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS ISRAEL & SHARTLE, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Telephone: (619) 758-1891
Facsimile: (619) 296-2013
Email: jschultz@sessions.legal
Email: dkirkpatrick@sessions.legal

*Attorneys for Plaintiff Viva Naturals, Inc.*

☐ **BY UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

☒ **BY ELECTRONIC SERVICE -** Based on an agreement of the parties to accept service by e mail, I caused the documents to be sent to the persons as listed above and directed to the email address above.

☒ I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 19, 2021, at San Diego, California.

_____
Mona C. Jones