James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, ISRAEL & SHARTLE, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
jschultz@sessions.legal
dkirkpatrick@sessions.legal

Attorneys for Plaintiff Viva Naturals, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVA NATURALS, INC., | ) Case No. 2:20-CV-03107-RGK-AFM |
| | ) |
| Plaintiff | ) **DECLARATION OF KALMAN** |
| | ) **MAGYAR IN FURTHER SUPPORT** |
| vs. | ) **OF PLAINTIFF'S MOTION FOR** |
| | ) **SUMMARY JUDGMENT** |
| LIEF ORGANICS, LLC, | ) |
| | ) Hearing Date:  July 12, 2021 |
| Defendant | ) Hearing Time:  9:00 a.m. |
| | ) |
| | ) Final Pretrial Conf.:  August 9, 2021 |
| _____ | ) Trial Date:  August 24, 2021 |

**<u>DECLARATION OF KALMAN MAGYAR</u>**

I, Kalman Magyar, hereby declare and state as follows:

1.     I am an attorney at law duly licensed to practice before the courts of New York, Florida, and New Jersey.  I am the Managing Partner of Magyar, Bogle & O'Hara LLP, co-counsel for Plaintiff Viva Naturals Inc. ("Plaintiff").  I anticipate moving for *pro hac vice* admission in this matter, with the consent of Defendant, immediately upon my receipt of the required certificate of good

standing from the State Bar of New Jersey, as I have already received certificates from the State Bars of New York and Florida.

2. This Declaration is being submitted in further support of Plaintiff's Motion for Summary Judgment.

3. On May 21, 2021, I wrote an email to Kevin Bell, with a copy to Hubert Kim (both counsel for Defendants) stating, in relevant part, as follows:

> In light of the Court's denial of the request to extend the dates in this case, it appears we need to move this case forward (unless we're able to settle it at or before the June 11 mediation or prior to trial).
>
> I have received your client's interrogatory answers and document request responses, but you still haven't sent to me the actual documents you indicate you'd produce and the responses to the request for admissions. May I please have those long-outstanding documents no later than May 25 (next Tuesday), otherwise we'll need to file a motion to compel as the discovery cut-off is May 27 (Thursday).

Defendant did not respond to my May 21 communication.

4. On May 26, 2021, I wrote another email to Mr. Bell, with a copy to Mr. Kim, stating, in relevant part, as follows:

> Kevin, I'm writing in furtherance of a meet and confer regarding the outstanding discovery from Lief. As I wrote last week (see below), I had asked that the discovery be provided by yesterday (May 25), otherwise Viva would have no choice but to file a motion to compel. Unless we receive the discovery by end of day today (May 26) at 5:00 pm Eastern Time, we will file a motion to compel, which is necessary given the discovery deadline of tomorrow. If you'd like to discuss, let me know. I also note that I had provided some times for a call (attached) including over the weekend but never heard back. I remain available to speak at your convenience with reasonable notice.

Defendant did not respond to my May 26 communication.

5. On May 28, 2021, I wrote a letter (dispatched via email) to Messrs. Bell and Kim stating, in relevant part, as follows:

> As you know, the discovery deadline in this matter expired on May 27, 2021. Though I indicated before the deadline that my client, Viva Naturals, Inc. ("Viva"), was intending to file a motion to compel, Viva has opted not to file a motion to compel discovery. Rather, I write today to inform you that Viva intends to move for summary judgment on its claims against your client, Lief Organics LLC ("Lief"), as well as on the counterclaims asserted by Lief against Viva. The motion will be based on, inter alia, Lief's deemed admissions under Rule 36 of the Federal Rules of Civil Procedure, as well as Lief's failure to produce any documents in support of its allegations or defenses.
>
> We intend to file the motion on or before June 10, 2021, the date set for the filing of dispositive motions.

Defendant did not respond to my May 28 communication.

6. I conducted telephone conferences with Kevin Bell on May 28 and June 3, 2021. While a detailed point-by-point discussion of the contemplated summary judgment motion did not occur during these conferences, the claims and counterclaims were discussed in depth, particularly within the context of a potential resolution of the matter.

7. Several hours after Plaintiff filed its motion for summary judgment on June 10, 2021, Defendant purported to serve a response to Plaintiff's Requests for Admissions. I sent a letter to Defendant's counsel on June 14, 2021 conveying Plaintiff's position that the purported response "is untimely and improper." Defendant has not responded to my June 14 communication.

8. Hours before Defendant filed its opposition to Plaintiff's summary judgment motion, Defendant purported to serve a PDF file labeled "Supplemental Document Production" which was actually the first-ever document production by Defendant. I sent a letter to Defendant's counsel on June 22, 2021 conveying Plaintiff's position that "the purported production is untimely and improper. Viva will vigorously oppose any attempt by Lief to rely on any of these documents." Defendant has not responded to my June 22 communication.

9. Exhibits 4, 5 and 6 of Mr. Bell's June 21, 2021 Declaration were attachments to a settlement communication I had sent to him on November 2, 2020 a letter which stated it was dispatched "in furtherance of settlement" and "without prejudice."

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: June 24, 2021                              */s/Kalman Magyar*
                                                  Kalman Magyar